**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TIA T. TAYLOR | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15-cv-7855 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| METROPOLITAN WATER | ) | |
| RECLAMATION DISTRICT of | ) | |
| CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR RECONSIDERATION**

Before the Court is Plaintiff's motion for reconsideration [339] of the judgment [337] entered in this case on August 21, 2024. For the reasons stated below, Plaintiff's motion [339] is denied. Plaintiff's motion to proceed *in forma pauperis* [277], filed after the completion of the trial but prior to entry of the judgment, also is denied. The Court will address the District's bill of costs [338], and Plaintiff's objections to it [343], in a separate order.

**I.    Introduction**

By way of procedural background, Plaintiff filed her initial complaint [1] against her former employer, Defendant Metropolitan Water Reclamation District of Chicago ("District"), in 2015. The Court granted in part and denied in part Plaintiff's motion for leave to file a second amended complaint in 2019 [see 107, 118] and denied in large part the District's motion for summary judgment in 2020 [see 157]. After delays occasioned by the pandemic and the withdrawal of counsel for Plaintiff, the case proceeded to an eleven-day bench trial. After the preparation of the trial transcripts and the filing of the parties' post-trial briefs, the Court issued a

twenty-one page decision [336] setting out its findings of fact and conclusions of law as required by Federal Rule of Civil Procedure 52(a) and entered a final judgment [337] in favor of the District and against Plaintiff on August 21, 2024.

## II.     Standard of Review

On September 20, 2024, Plaintiff filed a motion for reconsideration [339], referencing Federal Rules of Civil Procedure 59 and 60.  In its response, the District correctly observed that Plaintiff's motion was untimely under Rule 59(e).  The time for filing a motion for reconsideration under Rule 59 is fixed at 28 days, and the Court is without authority to extend that time, see Fed. R. Civ. P. 6(b)(2).  Plaintiff filed her motion on the 30th day after the entry of the judgment.  While the Court has been very generous to Plaintiff in this litigation in regard to extending the time for meeting deadlines, in this instance the rules forbid an extension.  See *Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014) ("When a motion is filed more than 28 days after the entry of judgment, whether the movant calls it a Rule 59(e) motion or a Rule 60(b) motion, we treat it as a Rule 60(b) motion").  Thus, the Court may not consider Plaintiff's request for relief from the judgment under the standards set out in Rule 59.[1]

Perhaps recognizing the untimeliness of her motion under Rule 59, Plaintiff asks in the alternative that the Court consider her arguments under Federal Rule of Civil Procedure 60, specifically referencing Rule 60(b)(3) and (d)(3).  Rule 60(b)(3) allows relief from a final judgment based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party," while Rule 60(d)(3) similarly permits a court to "set aside a judgment for fraud on the court."  Fed. R. Civ. P. 60.  Relief under Rule 60 is "an 'extraordinary remedy'

---

[1] As noted below, even if Plaintiff's filing had been timely, she would not be entitled to any relief under Rule 59, as the Court finds no factual or legal errors in its analysis or conclusions.

reserved for 'exceptional circumstances.'" *Venson v. Altimirano*, 749 F.3d 641, 651 (7th Cir. 2014). As explained below, no such exceptional circumstances are present here. To the contrary, despite thousands of pages of documents, hundreds of docket entries, and eleven trial days, Plaintiff has not substantiated her gender discrimination or FMLA claims on the merits, nor has she convinced the Court that the District or its lawyers have perpetrated a fraud on her or on the Court.

### III.    Discussion

Plaintiff's motion largely repeats arguments that the Court has rejected at various stages of this case. In a few instances, noted below, Plaintiff raises new arguments based on specific alleged errors in the Court's Rule 52(a) ruling. Plaintiff also complains about the handling of various post-trial documents by the Clerk's Office, the Courtroom Deputy, and the Court Reporter — all of which also are addressed below.

Several of the claims that Plaintiff references in her motion for reconsideration were not addressed in the Court's August 21, 2024 ruling on the issues presented at trial because the Court dismissed those claims on various grounds before trial. Plaintiff's pregnancy discrimination claim [see 339, at 5] was dismissed early in the litigation [see 54, at 3]. In ruling on Plaintiff's motion for leave to file an amended complaint three years into the litigation [see 339, at 2-3], the Court declined Plaintiff's request to add a whistleblower claim [see 107, 118]. As to Plaintiff's FMLA claims dating back to events that occurred in 2011 [see 339, at 7-9], the Court granted Defendant's motion for summary judgment as those claims were time-barred [see 157, at 28]. The Court stands by the reasoning of each of those rulings and sees no cause for reconsidering them now.

3

The case proceeded to trial on five claims. Plaintiff was given ample time to present her claims through the testimony and exhibits introduced into evidence. In its Rule 52(a) ruling, the Court set out the applicable legal standards under controlling Seventh Circuit law and explained why Plaintiff failed to carry her burden of proving by a preponderance of the evidence that the District discriminated against her on the basis of gender or improperly denied her benefits under the FMLA. As noted above, even if Plaintiff had timely filed her motion such that the Court could review it under the Rule 59 standard, Plaintiff would not be entitled to any relief from the judgment. Plaintiff's Rule 60 arguments rooted in fraud likewise miss the mark.

There is one factual finding that merits explanation. Plaintiff contends [see 339, at 14] that the Court relied on testimony of witness William Lockett in rejecting Plaintiff's claim that she was given more work than male employees working the same shifts. As Plaintiff notes, Lockett worked only at the O'Brien and Stickney Plants, so he was not in position to offer testimony about the division of work at the Calumet Plant where Plaintiff worked. But Plaintiff overlooks that the witness on whose testimony the Court relied [see 1592-95] was not Lockett, but Brittany Sullivan, who testified that she *did* work at the Calumet Plant during the relevant time period [see 1588-89].

Plaintiff raises a host of complaints about the handling of certain documents and motions, which she claims violated her due process rights. Specifically, Plaintiff complains that (1) a Clerk's Office employee improperly stamped her documents; (2) the Courtroom Deputy declined to add Plaintiff to the daily motion docket on the ground Plaintiff had not filed a notice of motion when in fact she had done so; (3) a case management order entered three months before trial indicated the "parties' desire to have daily transcripts from the court reporter;" (4) the Court Reporter "met ex parte with attorneys for the Defendant;" [346, at 2]; and (5) it appeared that another judge was entering orders on the docket [346, at 3]. The Court will address each in turn.

As to points (1) and (2), even if Plaintiff's assertions are accurate, these minor transgressions do not amount to a due process violation — and, in fact, had no effect on the disposition of the case. The essence of due process is a right to be heard. See, *e.g., Mathews v. Eldridge*, 424 U.S. 319, 348-49 (1976); *Simic v. City of Chicago*, 851 F.3d 734, 739 (7th Cir. 2017). Plaintiff was accorded an 11-day bench trial, and the Court has sifted through the entirety of the trial testimony and exhibits, plus written materials captured in approximately 350 docket entries, to reach a final disposition in this case.

As to point (3), if the parties desire to obtain daily transcripts, it is their obligation to make the necessary arrangements, including as to payment, with the Court Reporter prior to the start of the trial. Plaintiff has made no showing that this was done. Had these arrangements been made and daily transcripts not produced, Plaintiff should have called that to the Court's attention during the trial, not three years later.

As to point (4), Plaintiff does not cite anywhere in the record where she made a contemporaneous objection to any ex parte meetings that she may have observed. All that the Court can surmise is that Plaintiff observed conversation between defense counsel and the Court Reporter at some point during the trial. It is not uncommon for the Court Reporter (or the judge, for that matter) to enter the courtroom before the start of the trial day to set up equipment, organize notes, or even hold a routine status call on other cases. On those occasions, when lawyers and parties enter the courtroom, those already present generally greet them and may even engage in conversation on matters having nothing to do with the trial. Lawyers are officers of the court; the Court Reporter is a very experienced employee of the state and federal court systems. They all know about the ban on ex parte communications about the case, and the Court has no evidence before it that any such prohibited communications took place during this trial.

5

As to point (5), a few months after the completion of the bench trial and prior to the filing of post-trial briefs and the Court's Rule 52(a) ruling and Rule 58 judgment, the Courtroom Deputy accepted a new assignment with Judge Hunt. The Courtroom Deputy nevertheless continued to enter orders for the undersigned in the remaining cases on his docket, including this one. At that time, the Courtroom Deputy likely was entering dozens of orders a day in cases on Judge Hunt's docket and a few per month on Judge Dow's docket. The logical explanation for the appearance on the docket of this case of orders purportedly entered by Judge Hunt was inadvertent error: the Courtroom Deputy forgot to change the name of the judge as she entered the orders for this case into CM/ECF. This understandably confused Plaintiff, but she suffered no prejudice as a result.

Plaintiff also notes that after the completion of the trial but before the entry of judgment, she filed an application for leave to proceed *in forma pauperis* [277].[2] The Court must deny the motion [277] as premature. The statute governing the fees that court reporters may charge for transcripts provides that the United States will pay the fees in criminal and habeas proceedings, as well as "in other proceedings to persons permitted to appeal in forma pauperis * * * if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). As the statutory language indicates, and the Seventh Circuit has confirmed, in a non-habeas civil case, "[t]here is no authority for a judge to grant a motion for a free trial transcript prior to the filing of a notice of appeal." *Jones v. Banks*, 103 F.3d 133 (Table), 1996 WL 681329, at *1 (7th Cir. Nov. 22, 1996); see also *Maus v. Baker*, 729 F.3d 708, 709-10 (7th Cir. 2013) (Posner, J., in chambers) (recognizing the possibility that "someone who isn't poor

---

[2] Regrettably, the filing [277] was docketed as a "financial affidavit" and the accompanying document [278] was designated a "notice of filing," rather than a "notice of motion." As a result, the motion did not turn up on the Court's pending motions list and was overlooked until the Court's review of the docket in connection with its ruling on the instant motion for reconsideration. But that delay does not change the fact that the Court was (and is) without authority to grant the motion.

enough to qualify for *in forma pauperis* status may still be unable to pay thousands of dollars for a trial transcript" while acknowledging the controlling authority as set forth in Section 753(f)).

Finally, a persistent theme of Plaintiff's post-trial filings is the contention that the District and its lawyers have perpetrated a fraud on the Court. The Court has addressed this contention in its Rule 52(a) findings and its denial of Plaintiff's separate motion for sanctions. The Court has again combed the record for any evidence of fraud and continues to see none.

Over the past decade, this case has seen numerous lawyers, many claims, a lengthy discovery process supervised by an experienced Magistrate Judge, and a bench trial that lasted more than two weeks. The case suffered through many delays, occasioned by withdrawals and disappearances of counsel for Plaintiff, pandemic-induced delays in scheduling almost all civil trials in this district, and illnesses suffered by Plaintiff and the Court Reporter. In the course of ruling on this motion, the Court has reviewed its written rulings at all stages of the case and stands by each of them, including its findings of fact and conclusions of law and final judgment entered on August 21, 2024.

**IV.    Conclusion**

For the reasons stated above, Plaintiff's motion for reconsideration [339] is denied. Plaintiff's motion to proceed *in forma pauperis* [277], filed after the completion of the trial but prior to entry of the judgment, also is denied.  The Court will address the District's bill of costs [338], and Plaintiff's objections to it, in a separate order.


Dated: August 4, 2025

Robert M. Dow, Jr.
United States District Judge